STAPLETON, Circuit Judge,
concurring:
I join the opinion of the court. I write separately because I would resolve the issue of whether ERISA preempts a state law that would impose a fiduciary duty of disclosure on Janney under the circumstances of this ease. The district court properly addressed and resolved that legal issue, its resolution will not be affected by further development of the record, and, in the interest of conserving judicial resources, I would provide the district court with the benefit of our view on that issue.
Applying the principles that we reviewed in United Wire, I would hold that if Janney is not an ERISA fiduciary under § 1002(21)(A), a state law imposing a fiduciary duty of disclosure on it would not be preempted by ERISA. ERISA, by spelling out who is a fiduciary with respect to a plan and its participants, defines the area of federal concern in which preemption is required. Beyond that area, I would hold that a state can continue, by a generally applicable law, to prescribe the duties, fiduciary or otherwise, owed to a plan by its broker, just the way it can continue, by a generally applicable law, to prescribe the duties owed to a plan by its accountant, its lawyer, a corporate director of a company it owns, or its plumber.
Before: SLOVITER, Chief Judge, STAPLETON, GREENBERG, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, LEWIS, McKEE, Circuit Judges, and GIBSON, Senior Circuit Judge*.
SUR PETITION FOR REHEARING
Sept. 24, 1996
The petition for rehearing filed by appellee in the above entitled case having been submitted to the judges who participated in the decision of this court and to all other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in bane, the petition for rehearing is denied.